(10 Misc. Rep. 593.)

RUSSELL v. NEW JERSEY STEAMBOAT CO. et al.

(Circuit Court, Albany County. December, 1894.)

SHIPPING—CARRYING EXPLOSIVES ON PASSENGER VESSEL.

Illuminating gas, compressed into steel cylinders of insufficient strength to hold it, though liable to explode by its tendency to expand when heated, is not within Rev. St. U. S. § 4472, forbidding the carriage on passenger vessels of camphene, nitroglycerine, benzine, benzole, coal oil, crude or refined petroleum, or "other like explosive burning fluids or like dangerous articles," as the danger lies not in the gas itself, but in the weakness of the vessel containing it.

Action by Frederick L. Russell, an infant, etc., against the New Jersey Steamboat Company and the New York Oxygen Company for personal injuries caused by the explosion of a steel cylinder containing compressed gas, which had been delivered to defendant steamboat company for transportation. Complaint dismissed.

Countryman & Du Bois, for plaintiff.
W. P. & R. K. Prentice and Hugh Reilly, for defendant.

LANDON, J. (orally). If there is any liability in this case on the part of the steamboat company, it arises in consequence of the statute. The steamboat company is a common carrier, and ordinarily has a right to carry the ordinary articles of merchandise. This statute (Rev. St. U. S. § 4472) was enacted to prevent the carrying, on steamboats carrying passengers, of loose hay, loose cotton,

loose hemp, camphene, nitroglycerine, benzine, benzole, coal oil, crude or refined petroleum, or other like explosive burning fluids or like dangerous articles. Now, is this illuminating gas an explosive burning fluid like any one of the fluids or articles mentioned in the statute? We can all see from the testimony that it is not. Moreover, we have the testimony of Prof. Nason that it is not. In one sense it is a fluid. It is not the explosive burning fluid like camphene, or like naphtha, or benzine, or benzole, or other fluids mentioned. I have taken pains to have this case proceed upon the line of exact explanation, so far as it could be had, of the quality of the article with which we are dealing, and we are enabled to see ourselves this is not a like explosive burning fluid as benzine, naphtha, or the other articles mentioned. Now, is it a like dangerous article? I think the question is whether the article with which we are dealing, namely, the illuminating gas, can be found by the jury upon the evidence to be in like manner dangerous as any of these other articles previously mentioned. We have seen from the evidence of the professor in what manner camphene, and nitroglycerine, and benzine, and benzole, and naphtha, and the other articles are dangerous articles. They are dangerous in consequence of their inflammability. The article we are dealing with is illuminating gas, and that gas, as I have already remarked, is not per se dangerous. Taking the testimony of the professor, the gas is not dangerous in the sense that any of these articles are dangerous. The danger does not arise from the article itself, but from the use to which the article is put, namely, compressing it in a cylinder when the cylinder is not strong enough to hold it. It is the danger that arises from overcharging the cylinder beyond its strength. Is that danger like the danger which arises from any of the other articles? The danger does not arise in any of these other articles, as I understand it, in consequence of the weakness of the vessel which contains them, or the overcrowding them or overpressing them into that vessel. The danger arises in consequence of the element of danger which inheres in the very nature of the composition itself. Here the element of danger does not inhere in the elements of the article itself, so that the danger that exists here is not in the article, but in the improper overcrowding of the cylinder which contains the article, and that was the act of the oxygen company. By adding conditions which are not shown to have been added in this case, namely, escaping and mingling with air and contact with flame, this gas may be converted into an explosive gas, but I do not consider that branch of the case, because, as I say, we must proceed upon the evidence, and the evidence does not show these conditions existed here. Therefore I think the statute does not cover this case, and I shall dismiss this complaint. I may add—although we have not had any discussion upon the subject—that there is another ground upon which I think this complaint ought to be dismissed, and that is lack of notice to the steamboat company. The only notice it had are these printed bills upon which is written "Oxygen." They are falsely marked. If what I have said is true,—that the article itself is not dangerous, but the manner of its compression constitutes the ele-

ment of danger,—then the fact that the cylinders were billed "Oxygen" was no notice to the company of its dangerous character, as it was no notice of the overcharge of the cylinders, which made the article dangerous. I direct a dismissal of the complaint.