MARY EGAN, as Administratrix, etc., of EDWARD EGAN, Deceased, Respondent, *v.* THE NEW JERSEY STEAMBOAT COMPANY, Appellant.

*Cylinders containing oxygen and hydrogen — not included in the term " other like explosive, burning fluids or like dangerous articles."*

Cylinders containing oxygen and hydrogen are not covered by the term " other like explosive, burning fluids or like dangerous articles " as used in the statute of the United States (U. S. Rev. St. § 4472), which provides that " no loose hay, loose cotton or loose hemp, camphene, nitro-glycerine, naphtha, benzine, benzole, coal oil, crude or refined petroleum, or other like explosive, burning fluids or like

dangerous articles, shall be carried as freight or used as stores on any steamer carrying passengers." In order to recover damages for injuries sustained by reason of the violation by a steamboat company of such statute, the plaintiff must show a knowing and intentional violation thereof by the defendant.

APPEAL by the defendant, The New Jersey Steamboat Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 19th day of October, 1894, upon the the verdict of a jury rendered after a trial at the Albany Circuit, and also from an order entered in said clerk's office on the 16th day of October, 1894, denying the defendant's motion for a new trial made upon the minutes.

*R. K. Prentice, H. Reilly* and *W. P. Prentice,* for the appellant.

*Olin A. Martin,* for the respondent.

PUTNAM, J.:

The learned trial justice in his charge instructed the jury that the plaintiff could not recover unless defendant, in carrying as freight the cylinders containing oxygen and hydrogen, by the explosion of one of which plaintiff's intestate was killed, had negligently and knowingly violated the statute of the United States, which provides that "No loose hay, loose cotton or loose hemp, camphene, nitro-glycerine, naphtha, benzine, benzole, coal oil, crude or refined petroleum, or other like explosive, burning fluids or like dangerous articles, shall be carried as freight or used as stores on any steamer carrying passengers." (U. S. Rev. St. § 4472.)

The learned justice was in doubt whether the question involved was one of law, to be passed upon by the court, or of fact, but concluded to submit the case to the jury. After a careful examination of the evidence (which we do not deem it necessary to discuss), we are of opinion that it did not justify the submission of the case to the jury.

The statute above quoted, it will be observed, prohibited the carrying of *loose hay, cotton, hemp,* camphene, nitro-glycerine, naphtha, benzine, benzole, coal oil, crude or refined petroleum or other like explosive, burning fluids or like dangerous articles. Assuming that the statute in question applied to steamers like defendant's running between two cities in the same State, plain-

tiff was not entitled to recover unless the evidence established the fact that the cylinders containing oxygen and hydrogen were within the prohibition of the statute, and hence that oxygen and hydrogen could be deemed "*other like explosive, burning fluids or like dangerous articles*" within the meaning of the law. It will be seen that each of the articles specifically mentioned therein are dangerously inflammable or explosive *in themselves*. We think plaintiff failed to show that oxygen and hydrogen were *like explosive, burning fluids or like dangerous articles* to those mentioned in the statute. They are not in themselves explosive or dangerous. The witness Mason, called by the plaintiff, testified as follows : "Oxygen and hydrogen by itself is not in the ordinary parlance any more explosive than compressed air. All these other things which I have mentioned, benzole, benzine, naphtha and refined petroleum, give off a vapor. Some, I should judge most, of the danger I have described comes from that. * * * Any package of oxygen or hydrogen at low pressure might be carried anywhere. There is nothing to indicate that there is anything dangerous about it. A low-pressure cylinder itself, sufficiently low, is as harmless as the siphons of seltzer water. As a fact we have a number of experiments where glass vessels containing compressed air or containing seltzer water, carbonated water, have exploded, and the glass has flown to a great distance. I suppose every reading man has a number of such instances within his knowledge. The danger is from the pressure, and of the pressure you can tell nothing by the outside of the vessel." The evidence indicated that the accident to plaintiff's intestate occurred through the explosion of one of the cylinders containing hydrogen or illuminating gas. While hydrogen will burn, the evidence failed to show that it was dangerously inflammable or explosive like the articles specifically mentioned in the statute. As the witness above quoted said, oxygen and hydrogen by itself is not, in the ordinary parlance, any more explosive than compressed air. If properly packed they can be carried without danger. The accident in this case occurred, not on account of the dangerous and inflammable character of the gas, but on account of its being placed in a defective cylinder or of the cylinder being overcharged. The same accident might have occurred if the cylinder had been filled with compressed air.

We have been furnished with a copy of an oral opinion delivered by LANDON, J., on the trial of an action brought by another party injured by the accident which caused the death of Egan, which, we think, states the correct doctrine applicable to this case.    The learned justice, referring to the testimony of the witness whose evidence is quoted above, said: " We have seen from the evidence of the professor in what manner camphene, and nitro-glycerine, and benzine, and benzole, and naphtha and the other articles are dangerous.    They are dangerous, of course, in consequence of their inflammability.    The article we are dealing with is illuminating gas, and that gas, as I have already remarked, is not *per se* dangerous. Taking the testimony of the professor, the gas is not dangerous in the sense any of these articles are dangerous.    The danger does not arise from the article itself, but from the use to which the article is put, namely, the cylinder is not strong enough to hold it.    It is the danger that arises from overcrowding the cylinder beyond its strength.    Is that danger like the danger which arises from any of the other articles?    The danger does not arise from any of these articles, as I understand it, in consequence of the weakness of the vessel which contains them, or the overcrowding them or overpressing them into that vessel.    The danger arises in consequence of the element of danger which inheres in the very nature of the composition itself.

" Here the element of danger does not inhere in the elements of the article itself, so that the danger that exists here is not in the article, but in the improper overcharging of the cylinder which contains the article, and that was the act of the oxygen company."

We concur in the views of Justice LANDON above quoted, and think it unnecessary to add anything further to what he has so clearly and ably expressed.

The cylinders in question were shipped with defendant as oxygen. The evidence of the witness Mason established the fact that oxygen was not inflammable or more explosive than compressed air.    Hence we think there was a failure to show what the learned trial judge correctly held was necessary to be proved to entitle the plaintiff to recover, a knowing and intentional violation of the statute by defendant.    Shipping the cylinders as oxygen was not notice to defendant

that they contained a dangerous substance or article it was prohibited from carrying by the provisions of the statute in question.

The views above suggested will render it unnecessary to discuss the various other questions in the case.

The judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.